1  **WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shelly L. Sargeant,                      )<br>                                                    )<br>            Plaintiff/Counterdefendant, )<br>                                                    )<br>vs.                                                )<br>                                                    )<br>Harry K. Baker; and HKB Inc., dba )<br>Southwest Industrial Rigging,         )<br>                                                    )<br>            Defendants/Counterclaimant. )<br>_____)<br>                                                    )<br>Harry K. Baker; and HKB Inc., dba )<br>Southwest Industrial Rigging,         )<br>                                                    )<br>            Third-Party Plaintiff/Third- )<br>            Party Counterdefendants,     )<br>                                                    )<br>vs.                                                )<br>                                                    )<br>Roger Sargeant,                             )<br>                                                    )<br>            Third-Party Defendant/Third- )<br>            Party Counterclaimant.       )<br>_____) | No. CV-09-595-PHX-DGC<br><br>**ORDER** |

On December 18, 2008, Plaintiff Shelly Sargeant filed a pro se complaint against Harry Baker and his company HBK, Inc. ("Baker") alleging that Baker wrongfully terminated her due to problems caused by a domestic violence case. Dkt. #1. Baker filed an answer and counterclaim on February 2, 2009. Dkt. #4. The Clerk denied Baker's application for entry of default against Sargeant (Dkt. #11) on the ground that Baker had not submitted proof of service of process on Sargeant. Dkt. #17. Sargeant filed an answer to the counterclaim on March 11, 2009. Dkt. #17.

1  On May 8, 2009, the Court issued an order denying Baker's motion requesting that the Court strike Sargeant's answer and enter her default. Dkt. #26; *see* Dkt. #22. Baker has filed a motion for reconsideration of that order. Dkt. #28. For reasons stated below, the Court will deny the motion.

Baker argues that the Clerk erred in not entering Sargeant's default because Baker properly served her with the counterclaim pursuant to Rule 5 of the Federal Rules of Civil Procedure and attached a certificate of service to the counterclaim. Dkt. #28 at 2. Even if Sargeant's default should have been entered at the time Baker filed his application for entry of default (*see* Dkt. #11), an answer to the counterclaim has since been filed (*see* Dkt. #17). Baker has presented no legal authority in support of his request that the answer be stricken from the record. *See* LRCiv 7.2(m)(1).

"While the Court reminds [Sargeant] that pro se litigants must adhere to the same deadlines and follow the same procedural rules as other litigants, [*see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986)], the Court is mindful that the preferred disposition of any case is on its merits and not by default." *Jackson v. Mail Contractors of Am., Inc.*, No. 08-2531-KHV, 2009 WL 723575, at *1 (D. Kan. Mar. 19, 2009). Indeed, this Circuit has made clear that "default judgments are ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Baker has not shown that he will be unduly prejudiced by the two-week delay in the filing of Sargeant's answer. In light of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits" (*id.*), the Court will deny Baker's motion for reconsideration to the extent it seeks entry of Sargeant's default.

Sargeant is directed to obtain copies of, and become familiar with, the Federal Rules of Civil Procedure and this Court's Local Rules of Civil Procedure. The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. The Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

1    Sargeant is advised that, pursuant to Local Rule of Civil Procedure 7.2, her failure to
2 respond to a motion filed by the other side "may be deemed a consent to the . . . granting of
3 the motion and the Court may dispose of the motion summarily."  LRCiv 7.2(i); *see*
4 *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (district court did not abuse its
5 discretion in summarily granting the defendants' motion to dismiss pursuant to a local rule
6 where the pro se plaintiff failed to respond to the motion).  Sargeant is further advised that
7 if she fails to prosecute this action or comply with the rules or any Court order, the Court
8 may dismiss her claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
9 *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (district court did not abuse its
10 discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court
11 order).

**IT IS ORDERED** that the motion for reconsideration (Dkt. #28) is **denied**.

DATED this 14th day of May, 2009.

_____
David G. Campbell
United States District Judge